# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

```
DAVID LEE,
            Plaintiff,                   20 CV 2034

      v.

DONALD TRUMP, President of
the United States,
            Defendant,
```

## ADDITIONAL ARGUMENT IN SUPPORT OF PLAINTIFF'S THIRD EMERGENCY MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Please allow the plaintiff to submit this very short argument about the possible First Amendment defense raised during the oral argument.

Dated: June 21, 2020

By:   /s/ David Lee

David Lee
25 Central Park West
New York, NY 10023
 (857) 400-1938
leelitigations@gmail.com

## Table of Authorities

Cases
*Brandenburg v. Ohio*, 395 U.S. 444 (1969) ........................................................................2
*Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942) ........................................................2

## Argument

The supreme court has long held that the First Amendment right of free speech is not without limits, and that certain classes of harmful speeches are not protected by the First Amendment.

The First Amendment does not protect "the insulting or 'fighting' words -- those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942).

In addition, the First Amendment does not protect "advocacy of the use of force" when it is "directed to inciting or producing imminent lawless action" and is "likely to incite or produce such action". *Brandenburg v. Ohio*, 395 U.S. 444 (1969). The president's use of "Chinese virus" and similar words clearly pass this test and are unprotected:

1. The President intended to speak. Instead of choosing the scientific names or common names, the President deliberately invented a new name for the virus, choosing the word targeting a nationality or a race. And when questioned about the rising anti-Asian hate crimes incited by speeches, President Trump showed zero regret and kept using such words. Actually, just yesterday, President Trump used both "Chinese virus" and "Kung-flu" in his rally in Tulsa.
2. The President's speeches not only "imminent" and "likely to incite or produce such action", the speeches have already caused the surge of hate crimes (as shown in Exhibits A, B, C, and L, included in the past filings).

The use of "Chinese virus" by regular civilians is rightfully protected by the First Amendment. However, it's different for the President. First, everything this President says

gathers not only national but also international attentions. Second, the President has enormous power, including the power to pardon anyone who committed hate crimes. Because of these two key differences, it's much more likely for the President to cause imminent violent hate crimes against Asian Americans, and it has already caused the rising of anti-Asian hate crimes. Therefore, such speeches are not protected by the First Amendment. The equal protection violations significantly outweigh possible free speech protections, and the court should rule against the President.

The relief which the plaintiff seeks is carefully written. The scope is very limited. It only asks for "remove or replace" the use of "Chinese virus". For example, President Trump tweeted on March 16, "I will be having a news conference today to discuss very important news from the FDA concerning the Chinese Virus!" This tweet can be replaced by "I will be having a news conference today to discuss very important news from the FDA concerning *the coronavirus, which came from China!*"

The plaintiff does not seek to change the (claimed) semantics of President Trump's speeches. The President still has the freedom to say whatever he says he want to say. He can still talk about the coronavirus freely. He can still criticize the Chinese governments, including promoting conspiracy theories. The relief is limited to the use of "Chinese virus" and similar terms, which are unprotected by the First Amendment, and violates the plaintiff's constitutional rights of equal protection.

Dated: June 21, 2020

By:     /s/ David Lee

David Lee
25 Central Park West
New York, NY 10023
 (857) 400-1938
leelitigations@gmail.com