UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DAVID LEE,
                  Plaintiff,

         -v-

DONALD TRUMP,
*President of the United States*,
                  Defendant.

20-CV-2034 (JPO)

ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

    Plaintiff David Lee, proceeding *pro se*, has filed this action seeking injunctive and declaratory relief against former President Donald Trump relating to the coronavirus pandemic. First, he challenges the federal travel ban with respect to travel from China, and specifically the refusal of the Centers for Disease Control to issue waivers to his family members. Second, he seeks an injunction against Trump's use of the phrase "Chinese virus" or "China virus" in reference to the coronavirus, which he contends incites race-based hatred against Chinese and Asian American people. (*See* Dkt. Nos. 7–9.) Plaintiff alleges that these actions violate the Administrative Procedure Act, 5 U.S.C. § 500 *et seq*. ("APA"), and his equal protection rights under the Due Process Clause of the Fifth and Fourteenth Amendments. (*See* Dkt. No. 7 ¶¶ 58–61; Dkt. No. 8 ¶¶ 58–61; Dkt. No. 9 ¶¶ 58–61.)

    In decisions dated March 23, 2020, and August 6, 2020, this Court denied Plaintiff's motions for temporary and preliminary injunctive relief, concluding that he was unlikely to succeed on the merits of his claims. (*See* Dkt. Nos. 6, 29.)

    Defendant has moved to dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. Nos. 25–26.) Plaintiff has filed an opposition to the motion (Dkt. No. 27), and Defendant has filed a reply (Dkt. No. 28).

With respect to Plaintiff's challenge to the travel ban, Defendant seeks dismissal on a number of grounds, arguing, *inter alia*, (1) that courts may not review decisions by the political branches to exclude aliens abroad; (2) that separation of powers principles prevent courts from enjoining the exercise of the President's discretionary authority; (3) that the President is not an agency subject to the APA; and (4) that the Supreme Court's decision in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), forecloses these claims. (*See* Dkt. No. 26.) The Court agrees that Plaintiff's APA claims fail because that statute "does not expressly allow review of the President's actions, [so courts] presume that his actions are not subject to its requirements." *Franklin v. Massachusetts*, 505 U.S. 788, 801 (1992). And *Hawaii*, which directed courts to uphold presidential directives excluding foreign nationals provided that such policies are "facially legitimate and bona fide," requires this Court to dismiss Plaintiff's constitutional challenges to the travel ban given the public health reasons proffered by the government. 138 S. Ct. at 2420. Because Plaintiff's claims challenging the travel ban are nonjusticiable and fail to state a cognizable claim, they must be dismissed.

Plaintiff's other challenge — that Trump's use of phrases like "China virus" and "Chinese virus" violate Plaintiff's equal protection rights — also must be dismissed. First, this claim seeks an injunction against the exercise of the President's discretionary duties — here, communication.[1] *See, e.g.*, *Knight First Amendment Inst. v. Trump*, 302 F. Supp. 3d 541, 578 (S.D.N.Y. 2018), *aff'd*, 928 F.3d 226 (2d Cir. 2019). Moreover, for the reasons explained in this Court's August 6, 2020 decision, such language by a public official, however offensive or odious, does not give rise to an equal protection claim absent a direct and immediate effect on

---

[1] Plaintiff also requests that the Court "ask" for a "public apology" from Trump. Such a remedy is not cognizable and may not be ordered by courts. *See, e.g.*, *Devonish v. Atl. Cty. Justice Facility*, 2010 WL 3024858, at *3 (D.N.J. July 29, 2010).

the plaintiff.  (*See* Dkt. No. 29 at 3–4.)  In any event, given that Trump is no longer President — and has been banned from Twitter — this claim is moot and must be dismissed as such.

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

The Clerk is Court is respectfully directed to close the motion at Docket Number 25 and to close the case.

SO ORDERED.

Dated: January 26, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge